UNITED STATES DISTRICT COURT

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

MIDDLE DISTRICT OF LOUISIANA

2005 JUL 22  A 10: 38

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY AND NORTH
AMERICAN CAPACITY INSURANCE COMPANY

CIVIL ACTION

NO.  05-909-C-M1 ~~DEPUTY CLERK~~

VERSUS

JUDGE TYSON

NSH CORPORATION, INC. D/B/A SIGNATURE
HOMES, MANCHAC PLACE PARTNERS, L.P.,
SANDYCO, INC. D/B/A REMAX EXCELLENT
PROPERTIES, SANDY M. OGBURN, SHARI
LUTHY, COMMERCE TITLE & ABSTRACT
COMPANY, YVETTE BERGERON, AND STEVEN
D. SPALITTA

MAGISTRATE REIDLINGER

**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION AND RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

**MAY IT PLEASE THE COURT:**

## I.  INTRODUCTION

This memorandum in submitted on behalf of Sandyco, Inc., Sandy Ogburn, and Shari Luthy

(hereafter "movers") in support of the Motion to Dismiss Pursuant to Rule 12(b)(1) For Lack of

Subject Matter Jurisdiction and Rule 12(b)(6) for Failure to State a Claim for Which Relief Can Be

Granted filed against plaintiffs, North American Specialty Insurance Company and North American

Capacity Insurance Company (hereafter "plaintiffs").

## II.  FACTUAL BACKGROUND

*a.*     *The Underlying State Court Action*

The Complaint filed by plaintiffs stems from a previously filed state court action filed by co-

RET

defendants herein, Jennifer H. Spalitta and Steven E. Spalitta (hereafter "the Spalittas"). A copy of the Spalittas state court action is attached to plaintiffs' Complaint as Exhibit "C".

In the Spalittas' state court action, the Spalittas allege that in October of 2003, they contracted to purchase a to-be-constructed residence in Prairieville, Louisiana (hereafter "the subject property") from co-defendants herein, NSH Corporation d/b/a Signature Homes (hereafter "Signature Homes"). The Spalittas further allege that on April 29, 2004, they closed the sale on the subject property. It is alleged that movers were the real estate agents and broker company involved in the transaction and that co-defendants herein, Yvette Bergeron and Commerce Title and Abstract Company, were the closing notary and title company who closed the sale.

The Spalittas allege that during the construction of the subject property, they voiced concerns about the quality of the workmanship to Signature Homes and to movers. They further allege that they were pressured into scheduling the closing date of April 29, 2004 despite the fact that they were voicing concerns to Signature Homes and to movers that the subject property was not substantially complete. The Spalittas claim that they were assured by Signature Homes that the items of concern they were expressing would be addressed after closing.

In short, and while there is no issue that Mr. Spalitta signed the Act of Sale in authentic form, the Spalittas claim that the Power of Attorney executed by Ms. Spalitta (who was in the hospital in New Orleans at the time of the closing) for the closing was fraudulently notarized and is therefore invalid thereby invalidating the Act of Sale. The Spalittas claim that five months after moving into the subject property, they became tired of begging Signature Homes to complete all remedial work required and want to rescind the sale because of the fact that they do not have valid title. Plaintiffs' sole cause of action alleged against all co-defendants is fraud and they seek a rescission of the sale

-2-

of the subject property.

**b.    *The Federal Court Complaint***

The instant federal court action filed by plaintiffs is a declaratory judgment action in which plaintiffs seek a declaration that they do not provide any insurance coverage to Signature Homes or Manchac Place Partners, L.P. for the claims asserted by the Spalittas in the underlying state court action. Plaintiffs have joined as defendants in the instant federal court action both the Spalittas and all defendants in the Spalittas' state court action.

In short, plaintiffs' Complaint simply outlines the above mentioned state court action, alleges that plaintiffs have issued an insurance policy to Signature Homes, recites pertinent policy language from this policy, and argues that there is no coverage to Signature Homes under such policies. Other than to state that your movers are defendants in the underlying state court action and that they are "persons/entities interested in a case of actual controversy within this Honorable Court's jurisdiction, within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), there is no allegation connecting movers to this proceeding for which this court can grant relief against movers.

## III. LAW AND ARGUMENT

**a.    *Failure to State a Claim Upon Which Relief Can Be Granted***

Under Rule 12(b)(6), a claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Carney v. RTC,* 19 F.3d 950, 954 (5th Cir.1994).

In this case, there is simply no set of facts plaintiffs can prove that would entitle them to relief against movers. As alleged in paragraphs XV and XVI of plaintiffs' Complaint, the two contracts of insurance under which plaintiffs' have requested a declaration of rights are contracts of

insurance in which plaintiffs, Signature Homes, and Manchac Place Partners, L.P. are parties. Plaintiffs have not alleged that your movers are parties to the insurance contracts issued by plaintiffs. And as evidenced by the policies attached to plaintiffs' Complaint as Exhibit "A" and Exhibit "B", plaintiff, as a factual matter, movers are not parties to such contracts of insurance. Thus, there are no contractual rights to be declared vis-a-vis any contract of insurance as between plaintiffs and movers.

Furthermore, there are no other rights to be declared by and between plaintiffs and movers that arise out of movers being co-defendants in the underlying state court action with plaintiffs' alleged insureds, Signature Homes and Manchac Place Partners, L.P. Indeed, based on the specific facts and causes of action alleged against the defendants in the state court action by the Spalittas, there are no rights to be declared between plaintiffs and movers either as potential direct action claimants against plaintiffs under Louisiana state law or that might arise from plaintiffs' vicarious liability for its alleged insureds involved in the underlying state court action, Signature Homes and Manchac Place Partners, L.P.

The only claims that have been asserted against movers in the underlying state court action are essentially tort claims. Indeed, movers were not parties to the contract of sale that the Spalittas seek to rescind in the underlying state court action and therefore they cannot be held liable for any rescission of the sale. Furthermore, the only damages requested against movers in the underlying state court action are tort damages.

As such, movers have no cross claim to assert against plaintiffs' alleged insureds in the underlying state court action from which vicarious liability could flow through to plaintiffs given that under Louisiana state law (specifically Louisiana Civil Code article 2324(B) and Louisiana Code of

-4-

Civil Procedure article 1812), the trier of fact must quantify the fault of all parties and non-parties

and that no party shall be liable for more than his degree of fault assigned by the trier of act. Thus,

given that movers cannot be held liable to pay the damages assessed against any other party or non-

party, there are no contribution or indemnity claims that can be asserted by movers against plaintiffs'

alleged insureds, Signature Homes and Manchac Place Partners, L.P.

Given that there is no conceivable scenario (either as parties to the insurance contracts or

arising from the facts alleged in the underlying state court action) where movers could have a claim

against the two policies at issue in this declaratory judgment action, movers are simply not proper

parties to this action and there is no relief that can be awarded to plaintiffs. As such, movers' motion

should be granted and movers should be dismissed from these proceedings.

**b.**    ***Lack of Subject Matter Jurisdiction***

In paragraph XIII of their Complaint, plaintiffs allege that this court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1332. However, the plain language of 28 U.S.C. § 1132 requires

that there be a "controversy" between the litigants in order for federal diversity jurisdiction to exist.

In this case, there is no "controversy" that exists between plaintiffs and movers that would confer

federal diversity jurisdiction on this court.

In *Georgia American Ins. Co. v. Johnson*, 712 F. Supp. 530, 531 (S.D. Miss. 1989), the court

declined to exercise jurisdiction in a declaratory judgment action between ***an insurer (as plaintiff)***

***and its alleged insured (as defendant) absent an actual suit having been filed by the insured***

***against the insurer.*** The court reasoned as follows:

> The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction upon
> a federal court. Rather, it provides a new remedy to the district court when in its
> sound discretion it chooses such relief. *Mission Insurance Company v. Puritan*

*Fashions Corporation*, 706 F.2d 533, 601 (5th Cir. 1983).

    * * *

It is clear that diversity exists [FN 3], but the Court will decline to exercise jurisdiction. One cannot get around the prerequisite that there must be an "actual controversy" since this Court "is without power to grant declaratory relief unless such a controversy exists." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Id.* (emphasis added). *See also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986); *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985).

    * * *

In the present case the Court finds that no suit has been filed in state court by the father, Mr. Johnson, Sr., against this defendant, Mr. Johnson, Jr. The Court finds no suit pending against the plaintiff in this action. It is only conjecture as to whether any suit will be filed and such renders this cause of action premature.

    * * *

[T]here must exist an actual controversy which is not apparent in the present case. The Court cannot find a "sufficient controversy" between this insurer/plaintiff and the alleged injured person/Mr. Johnson, Sr. to find that a declaratory judgment would be allowable. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2757, at 586 (2d ed. 1983). At this time there is no substantial controversy between the parties having adverse legal interests, and no parties are positioned adversarily. *Texas Employers' Insurance Association v. Jackson*, 820 F.2d 1406, 1421 (5th Cir. 1987). As such, the Court is compelled to decline to exercise jurisdiction and dismiss this cause of action.

In the present case, while there is an underlying state court action pending, plaintiffs and movers are not adverse in that proceeding. More importantly, as discussed above, given that there are, at present, seemingly no claims that could be asserted by movers against plaintiffs, or even by movers against plaintiffs' alleged insureds, there is simply no immediate, actual, and substantial controversy between movers and plaintiffs that would confer jurisdiction on this court. As such, this court should decline to exercise its jurisdiction and dismiss plaintiffs' claims against movers.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant movers' Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted and dismiss movers from this litigation.

Respectfully submitted,

**SEALE, SMITH, ZUBER & BARNETTE**
(A Registered Limited Liability Partnership)
Two United Plaza, Suite 200
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 924-1600

BY: _____
**MICHAEL P. BIENVENU**, Bar Roll No. 22258
*Attorney for Sandy Ogburn, Sandyco, Inc. and Shari Luthy*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in these proceedings by:

(✔)   Prepaid U.S. Mail           (  )   Facsimile

(  )   Hand Delivery              (  )   Federal Express

Baton Rouge, Louisiana, this **21** day of **July**_____, 2005.

_____
**MICHAEL P. BIENVENU**