RECEIVED

SEP 0 9 2005

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED  SEP - 9 2005
CLERK'S OFFICE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY AND NORTH
AMERICAN CAPACITY INSURANCE COMPANY

VERSUS

NSH CORPORATION, INC. D/B/A SIGNATURE
HOMES, MANCHAC PLACE PARTNERS, L.P.,
SANDYCO, INC. D/B/A REMAX EXCELLENT
PROPERTIES, SANDY M. OGBURN, SHARI
LUTHY, COMMERCE TITLE & ABSTRACT
COMPANY, YVETTE BERGERON, AND STEVEN
D. SPALITTA

CIVIL ACTION

NO.  05-909-C-M1

JUDGE TYSON

MAGISTRATE REIDLINGER

**************************************************************************

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS PURSUANT TO RULE 12(b)(1) FOR LACK OF SUBJECT
MATTER JURISDICTION AND RULE 12(b)(6) FOR FAILURE TO STATE
A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

**MAY IT PLEASE THE COURT:**

**I.  INTRODUCTION**

This supplemental memorandum is submitted on behalf of Sandyco, Inc., Sandy Ogburn, and Shari Luthy (hereafter "movers") in further support of the Motion to Dismiss Pursuant to Rule 12(b)(1) For Lack of Subject Matter Jurisdiction and Rule 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted filed against plaintiffs, North American Specialty Insurance Company and North American Capacity Insurance Company (hereafter "plaintiffs").

**II.  LAW AND ARGUMENT**

Seemingly, plaintiffs misconstrue the jurisdictional requirement imposed under prevailing

-1-

statutory authority and jurisprudence requiring that there be an actual "controversy" between plaintiffs and *all* defendants in order for federal diversity jurisdiction to exist. Indeed, plaintiffs argue that an immediate and substantial controversy exists arguing that "its insureds [Signature Homes and Manchac Place Partners, L.P.] and have formally tendered defense and indemnity to Complainants" and devote the entirety of their memorandum citing jurisprudence standing for the proposition that the declaratory judgment statute permits them to have this Court declare the rights between them and their insureds (which movers are not).

However, the issue is not whether there is an immediate and substantial controversy that exists between plaintiffs and Signature Homes and Manchac Place Partners, L.P., but rather, whether there is an immediate and substantial controversy that exists between plaintiffs and your movers. To date, despite having filed 31 pages of pleadings in this matter (an 18 page Complaint and a 13 page opposition memorandum), plaintiffs have yet to articulate a "potential" much less "immediate and substantial" controversy that exists between plaintiffs and your movers.

Movers concede that an immediate and substantial controversy exists in this proceeding between plaintiffs and their insureds, Signature Homes and Manchac Place Partners, L.P. in that a tender for defense and indemnity has purportedly been made against plaintiffs by Signature Homes and Manchac Place Partners, L.P. against plaintiffs. Movers likewise concede that an immediate and substantial controversy exists between plaintiffs and the Splalittas, who, as a result of the alleged claims filed against plaintiffs' insureds, stand to file direct action claims against plaintiffs in the underlying state court proceeding. Finally, movers concede that there is no legal requirement under the declaratory judgment statute that an underlying action be pending in some other forum in order for plaintiffs to seek a declaration of rights in this Court.

-2-

However, without question, the statutory and jurisprudential law does require that there be at least some *potential* claim that could be brought by your movers against plaintiffs in order for this Court to exercise jurisdiction and grant declaratory relief to plaintiffs *as against your movers*. Plaintiffs have been unable to articulate any such controversy, actual or potential, in their petition and opposition memorandum which would serve as the basis to establish that an immediate and substantial controversy exists between *plaintiffs and movers* such that this Court could exercise jurisdiction over the claims asserted against your movers.[1]

## IV. CONCLUSION

For the foregoing reasons, this Court should grant movers' Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) for Failure to State a Claim for Which Relief Can Be Granted and dismiss movers from this litigation.

Respectfully submitted,

**SEALE, SMITH, ZUBER & BARNETTE**
(A Registered Limited Liability Partnership)
Two United Plaza, Suite 200
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 924-1600

BY: _____
       **MICHAEL P. BIENVENU**, Bar Roll No. 22258
       *Attorney for Sandy Ogburn, Sandyco, Inc. and Shari Luthy*

---

[1] The closest that plaintiffs come to addressing the issue presented by movers' motion is in their argument that movers are "interested" parties within the context of the declaratory judgment statute, 28 U.S.C. § 2201. However, notwithstanding that "interested parties" within the context of § 2201 refers to the party seeking declaratory relief (i.e. plaintiffs) as plainly inferred from the wording of the statute, plaintiffs make no attempt to demonstrate how or why movers should be considered "interested parties" in this declaratory judgment action even if their interpretation of the statute was correct.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in these proceedings by:

(✔)   Prepaid U.S. Mail              (  )   Facsimile

(  )   Hand Delivery                   (  )   Federal Express

Baton Rouge, Louisiana, this __8__ day of __September__, 2005.

_____
**MICHAEL P. BIENVENU**